```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
                                                                   :
                                                                   :       24-CV-8649 (JAV)
IN RE JJ ARCH LLC,                                                 :
                                                                   :       ORDER
                                                                   :
                                                                   :
                            Debtor.                                :
                                                                   :
                                                                   :
------------------------------------------------------------------ X
```

JEANNETTE A. VARGAS, United States District Judge:

Arch Real Estate Holdings, LLC ("Arch"), one of the appellees in this appeal from the dismissal of Debtor JJ Arch LLC's Chapter 11 bankruptcy proceeding, moves via letter for dismissal of the appeal pursuant to Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure. ECF No. 27. The Court DENIES the motion to dismiss.

Rule 8003(a)(2) states:

> An appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal.

In determining whether dismissal is an appropriate sanction for failure to timely comply with the requirements of Rule 8009, the Second Circuit has instructed that the inquiry is a flexible one, and that courts should "take into consideration whether counsel's behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006).

Debtor's designation of the record was due on February 14, 2025. ECF No. 17. On that date, Debtor's counsel filed the designation of the record on the district court docket, rather than with the bankruptcy court. When the error was pointed out in Arch's letter seeking dismissal,

Debtor cured the issue by filing its designation with the Bankruptcy Court. ECF No. 28. The Bankruptcy Clerk of Court transmitted the record of appeal on April 25, 2025. ECF No. 31. The delay in the proper filing of the record designation, which has since been cured, does not reflect the level of negligence that would justify the extreme sanction of dismissal.

Arch also complains that Debtor did not comply with Rule 8009(b)(1)'s requirement to either order transcripts of the parts of the bankruptcy proceeding necessary for the appeal, or a certification that appellant is not ordering a transcript. ECF No. 27. But at no time did Arch identify any untranscribed proceedings that are necessary for the resolution of this appeal, and Debtor has represented that the relevant proceedings have been transcribed. ECF No. 28. Accordingly, there is no indication of any prejudice to Arch from any failure to timely comply with Rule 8009(b)(1)'s requirements.

Accordingly, the motion to dismiss the appeal is DENIED.

SO ORDERED.

Dated: May 5, 2025  
      New York, New York

                                               JEANNETTE A. VARGAS  
                                               United States District Judge