# OLSHAN

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

August 17, 2025

**BY ECF**
Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street Room 703
New York, New York 10007

Re: *In re JJ Arch LLC*, Case No. 24-cv-08649 (JAV): Appellees' Letter Statement Opposing Oral Argument and Appellant's Request for Same

Dear Judge Vargas:

Olshan Frome Wolosky LLP is counsel to Arch Real Estate Holdings LLC, one of two appellees in the above referenced appeal. I write this letter jointly on consent of co-appellee Jared Chassen in accordance with Rule 8019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and to address Appellant JJ Arch LLC's request for oral argument as asserted in its August 14 reply brief.

Bankruptcy Rule 8019(a) provides that "[a]ny party may file, or a district court or BAP may require, a statement explaining why oral argument should, or need not, be permitted."

In turn, Bankruptcy Rule 8019(b) provides that:

Oral argument must be allowed in every ***case unless the district judge***—or each BAP judge assigned to hear the appeal—***examines the briefs and record and determines that oral argument is unnecessary*** because:

(1) the appeal is ***frivolous;***

(2) the dispositive issue or issues have been authoritatively decided; or

(3) ***the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument***.

Fed. R. Bankr. P. 8019(b) (emphasis added).

Here, oral argument is unnecessary and unwarranted under both (b)(1) and (b)(3).

First, the appeal is frivolous. The question before this Court is ultimately reducible to whether the Bankruptcy Court erred in dismissing JJ Arch's chapter 11 case

**August 17, 2025**
Page 2

based on the record that was before it. The Bankruptcy Court found cause for dismissal on three separate grounds. Neither the Appellant's opening brief nor its reply challenge or even address these independent findings in a manner that was based on the record before the Bankruptcy Court. Moreover, Appellant does not address the mandatory requirement of dismissal where substantial and continuing loss is found or point anywhere to the record to show that the Bankruptcy Court abused its discretion in dismissing the case after finding cause for gross mismanagement and bad faith. *See* 11 U.S.C. § 1112(b)(1) & (2).

In short, the appeal is frivolous because Appellant's papers **advance no argument that the Bankruptcy Court erred.** Appellant's reply further focuses upon extraneous issues outside of the record, and even attaches a new 30-page purported fact declaration that includes newly created demonstrative exhibits and emails relating to subsequent events and proceedings. The reply, like the opening brief, uses the appeal as a forum to air **Mr. Simpson's** grievances against the parties and various courts and judicial decisions, now including a case in Alabama.

Appellant's request for oral argument is also itself frivolous as Appellant seeks oral argument to address matters having nothing to do with the relevant issues on appeal:

> Appellant respectfully requests the opportunity to be heard under the presumption of oral argument (Fed. R. Bankr. Pro. 8019(b)), **based on the complexity of the facts and surrounding litigation and the fundamental issues of justice, civil rights, and due process due to a whistleblower under constant attack in multiple venues, including the threat of criminal prosecution and Appellees' failed attempts to break the attorney-client bond in this matter and prevent the presentation of his cause**, for the benefit of all creditors and other interested parties, and in the interest of justice.

Reply at (ii) (emphasis added) [Dkt. No. 50].

None of the reasons cited have anything to do with any argument that the Bankruptcy Court erred in dismissing the case. This request (as does the Appellant's papers) at best betrays an utter lack of understanding of what an appeal is. This Court's subject matter jurisdiction in this case is premised on 28 U.S.C. § 158(a), providing this Court with jurisdiction to review the dismissal order as a final order of the Bankruptcy Court. This Court simply does not have subject matter jurisdiction to entertain requests beyond consideration of the dismissal order in light of the record before the Bankruptcy Court.

Second, the Court should deny oral argument because the facts and legal arguments are adequately presented in Appellees' brief and record, and the decisional process would not be significantly aided by oral argument. Appellees' brief lays out the record in detail, addresses at length the Bankruptcy Court's opinion (which itself provides a thorough record and analysis), addresses caselaw concerning the standard of review as applied to analogous cases, addresses authority concerning the merits, applies that authority to the record through the lens of the standard of review, and demonstrates

12984808-1

**August 17, 2025**
**Page 3**

the fatal errors in Appellant's opening brief, including with respect to waiver. Appellant, in contrast, essentially ignores the Bankruptcy Court's decision and the record that was before that Court and instead uses the appeal to air grievances. Oral argument in these circumstances would not aid the decisional process, and would instead only impose unnecessary and wasteful costs on the Court and the parties.

                                                Respectfully submitted,

                                                */s/* Jonathan T. Koevary

                                                Jonathan T. Koevary

12984808-1